## CLAIM BASED ON SERVICES BY A MEMBER OF THE FAMILY.

Court of Appeals for Knox County.

MARY EVERS v. JOHN F. GARDNER, EXECUTOR OF CAROLINE SKILL-
INGS, DECEASED.

Decided, April Term, 1913.

*Relationship—Bars an Action for Services, When—Family Relation
May Exist Although There is No Connection by Blood or Adoption.*

Relationship to a family is established without formal adoption by one
who becomes a member of the family in childhood and so continued
for many years after reaching maturity, and an action for services
will not lie where brought by such a member of the family against
the estate of the mother of the family where no agreement was
made either by parol or in writing that the services should be paid
for.

*Waight & Moore,* for plaintiff in error.
*Owen & Carr,* contra.

SHIELDS, J.; POWELL, J., concurs; VOORHEES, J., not sitting.

This action was commenced by the plaintiff in error, plaintiff
below, in the court of common pleas to recover from the estate
of Caroline Skillings, deceased, the sum of $1,654.65, for work
and labor performed by her for the said Caroline Skillings, in
her lifetime, and at her instance and request, from January
28th, 1905, to July 15th, 1910, at five dollars per week.
She further says that no payments were made on account of
said services so performed by her, and that she presented her said
claim, duly verified, to the executor of the estate of said decedent
for allowance as a valid claim against said estate, which said
claim was by said executor rejected. Judgment was therefore
prayed for the amount of said claim with interest.

Answering said petition, the defendant in error, defendant
below, for a first defense denied the averments in said petition.
except that he is the duly appointed and acting executor of said
estate.

For a second defense to said petition the defendant averred:

''That the plaintiff when about six or eight years of age went to live with the said decedent, Caroline Skillings, and remained and lived with her until her death, where she was cared for, educated, clothed and maintained during all of said years in and as a member of the family of said decedent. That the plaintiff never made any charge against said decedent, and never intended to make any charge against said decedent, and never intended to make any charge for the services described in her petition, or for any other time during which she lived with the said decedent, and asks to be dismissed with costs.''

To the second defense in said answer the plaintiff filed a reply in the nature of a general denial.

Upon the issues made by the foregoing pleadings, trial was had, and at the conclusion of the evidence offered by the plaintiff a motion was submitted to the court to direct the jury to return a verdict for the defendant, which motion was by the court sustained, and the jury was by the court thereupon directed to return a verdict for the defendant, which was accordingly done, to all of which the plaintiff excepted. A motion for a new trial was overruled, and judgment was rendered upon said verdict. A petition in error was filed, including a bill of exceptions containing all the evidence, to reverse the judgment of the court of common pleas, and while the petition in error filed for such reversal contains numerous assignments of error, the error principally relied upon by the plaintiff in error is that the court below erred in directing a verdict of the jury in favor of the defendant.

An examination of the bill of exceptions leaves no room to question the claim made in the plaintiff's petition that she rendered the services to and for the decedent for the time therein stated, and as therein stated, and if the issue was simply one of liability between strangers for services rendered by one to another the duty of the court would be clear. But we are here met with the inquiry, not whether the services charged for were rendered by the plaintiff in error, but is the estate of Caroline Skillings legally liable therefor? This is the sole question made by the action of the court below in directing a verdict for the defendant. Ordinarily where one performs services for another, in the absence of any contract therefor, and the person

for whose use such services are rendered accepts the benefits thereof, such person is liable therefor, for the law implies a promise to pay and a recovery may be had for such services. But a different rule of liability is recognized and fixed by the law in a case where family relationship exists, as where one of such family renders services to another of the same family, no obligation to pay for such services will be implied, and no recovery can be had for such services unless the same were rendered under an express contract therefor. *Hinkle et al* v. *Sage,* 67 O. S., 256; *Hawthorne* v. *McClure,* 4 C. C., 11.

Nor is this rule limited to blood relationship, but extends to cases where the family relation exists in the absence of proof of some understanding, agreement or promise of compensation

How was it in the case at bar? The plaintiff, when a child of tender years, was received into the family of the decedent, where she lived, and was supported, and was treated as a member of the family until the death of the said Caroline Skillings, a period of some thirty-five years. She took the family name and was recognized by the outside world as a member of the family. The relation of *in loco parentis* by the decedent, and by her husband until his death, was sustained toward the plaintiff in error, not only until she reached her majority, but ever afterward until said decedent's death. And after attaining her majority she continued in the service of the decedent, without any change of relation whatever, neither demanding nor receiving any compensation for her services under any contract made therefor. Can she now recover as upon a *quantum meruit* for services so performed for the time mentioned in her said petition? True, there is no blood relationship shown to have existed between the plaintiff and decedent, but an examination of the record clearly shows that there was a family relation existing between them for about thirty-five years, including the period for which suit is here brought, during which entire period no intention appears to have been shown by the plaintiff in error to charge for the services sued for, or any part thereof, and during which time there is an entire absence of proof of any contract having been made either in parol or in writing for said services, the burden

of establishing which rests upon the plaintiff in error. *Finch* v. *Finch*, 7 Ohio Dec., Reprint, p. 673.

It frequently occurs that children and those who stand in the place of children entertain the notion that after attaining their majority they thereby become emancipated from parental control, and that any services rendered by them thereafter, while continuing to reside in the family, and supported as during their minority, entitle them to compensation therefor, upon the assumption that the law implies an obligation that the same be paid for. This is a mistaken notion, for in such case the law implies no contract; on the contrary the existence of such relation repels the presumption that such services rendered are in expectation of payment, and hence, in the absence of a contract, no recovery can be had therefor. It would seem that the continuance of the relation does not abrogate the rule of the reciprocal obligation between parent and children. *Moore* v. *Stadden et al,* Wrights Reports, 88; *Pollock's Executor* v. *Pollock*, 2 C. C., 143.

Counsel for plaintiff in error call the attention of the court to the occasion when it was brought to the knowledge of the plaintiff in error that she was not then and never had been legally adopted by the decedent, nor by her husband, and that this was the first intimation the plaintiff in error had of her relation to the decedent. Conceding this, and conceding further that the decedent in her lifetime knew that the plaintiff in error never had been legally adopted as her daughter, we do not see how such fact could or would in any wise affect the right of the plaintiff in error to recover against said decedent's estate in the absence of a contract for the services sued for. It may be that such revelation tended only to increase the hardship that the plaintiff in error may have been called upon to bear in the light of her many years of labor spent in the interest of the decedent in her lifetime and upon her farm, but withal it appears that she thereafter continued in said decedent's service until after her death, without demanding or having any contract for her services. Under the rule of law referred to, we feel constrained to hold that the court below, in sustaining said motion to direct a verdict for the defendant, and in so directing the jury, did not err.

We have also examined the record with reference to the other assignments of error contained in the plaintiff's petition in error, and we find no such error therein for which the judgment rendered in the court below ought to be reversed.

The judgment of the court of common pleas is therefore affirmed at the costs of the plaintiff in error.    Exceptions noted.